# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

IZAYJAH KING TAFARI, a/k/a ALLAN GABAY,

Plaintiff

v.                                       Civil Action No. CCB-17-1489

UNITED STATES OF AMERICA,
BRYANT OMS ASSOCIATES,
UNIVERSAL AMERICAN MORTGAGE COMPANY,
CAREFIRST BLUECROSS BLUESHIELD,
JAMIKO TUCKER.
TRANG LE,

Defendants

## **MEMORANDUM**

On March 23, 2017, Izayjah King Tafari, an Anne Arundel County resident also known as Allan Gabay, commenced a civil action against three corporations and two individuals in the Circuit Court for Anne Arundel County, Maryland. *See Tafari v. Bruant OMS Associates, et al.,* Case No. C-02-cv-17-733 (Anne Arundel Co. Cir. Ct.). While that action was pending, on May 24, 2017, Tafari petitioned for removal of the case, which focused on employment discrimination, medical malpractice, and a non-specific conspiracy claim between his mortgage company and neighbors resulting in harassment, to this court. *See Tafari v. Bruant OMS Associates, et al.,* Civil Action No. RDB-17-1385 (D. Md.). Removal was found improper and the case was remanded to the Circuit Court on May 26, 2017. *Id.,* ECF 14, 15.

On June 1, 2017, Tafari filed a nearly identical action here, with one exception: he now alleges the United States is liable based on his belief that defendants Tucker and Lee are "federal law enforcement agents" and thus part of a "conspiracy"…to subject him to "psychological and physical torture, sexual assault, harassment, identity and intellectual property theft, slander, and

stalking."[1] ECF 1 at pp. 5, 6. Tafari provides no supporting facts to support this fanciful and delusional claim; instead, he documents that Tucker sought a protective order against him in the District Court of Maryland for Anne Arundel County, resulting in a Final Peace Order restricting Tafari (a/k/a Gabay) from harassing Tucker, and in which Tucker "states he is not in law enforcement & does not know of any investigation relating to [Tafari]." ECF 1-1 p. 1.

Tafari filed his complaint under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee, and his motion for leave to proceed in forma pauperis shall be granted. To guard against possible abuses of this privilege, the indigency statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful of its obligation to liberally construe self-represented pleadings; nonetheless, liberal construction does not mean that a district court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").

As noted, pursuant to 28 U.S.C. §1915(e)(2), a court is authorized to dismiss a case filed *in forma pauperis* if it determines that the action raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Tafari's allegation against the United States merits such dismissal, and the United States is dismissed from this case.

To the extent that Tafari wishes to file an employment discrimination claim against CareFirst BlueCross BlueShield, he may do so by filing such claim using the appropriate court-

---

[1] Tafari attaches an exhibit suggesting that Jamiko Tucker was a police officer while living in Bermuda. ECF 1-1 at p. 2-6.

provided forms. The court notes that Tafari's instant complaint contains no reference to administrative proceedings before the Equal Employment Opportunity Commission (EEOC) or similar agency with regard to his 2015 job loss. Before any employment discrimination claim may proceed, Tafari will be required to file a copy of a right to sue letter from the EEOC, which is issued after that agency investigates a Title VII claim. Failure to file the right to sue letter may result in dismissal of the case.

The court now turns to Tafari's other claims. Although Tafari states he has filed a motion to dismiss the Anne Arundel Circuit Court action (ECF 1 at p. 1), the state docket does not reflect that such motion has been filed, or granted.[2] Thus, Tafari's complaint shall be construed as a petition for removal of his state court action. Under 28 U.S.C. § 1441(a), only actions "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Tafari is not a defendant in the state case; rather, he is the plaintiff. Although he does not petition for removal, he is in effect attempting to remove his state court medical malpractice and conspiracy/harassment claims here. As a plaintiff he cannot institute removal, and his state tort claims against Bryant OMS Associates (medical malpractice), Universal American Mortgage Company, Jamiko Tucker, and Trang Le (conspiracy) shall be dismissed without prejudice, to permit him to continue with these claims as part of his ongoing state court proceedings. Tafari's motion to compel/authorize disclosure of confidential documents, national security letter, and gag order (ECF 2) is hereby denied.

---

[2] *See Tafari v. Bryant OMS Associates, et al.,* Case No. C-02-CV-17-000733 (Cir. Ct. Anne Arundel Co.), http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId

A separate Order follows.

<u>June 2, 2017</u>  /S/
Date Catherine C. Blake
United States District Judge